IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIODUN M. SODIPO, | No. C 06-05794 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CAYMAS SYSTEMS, INC., | |
| Defendant. | |

Abiodun M. Sodipo ("Plaintiff") filed a complaint against his former employer, Caymas Systems, Inc. ("Defendant"), on September 21, 2006. Plaintiff, who is a national of Nigeria, alleges that Defendant discriminated against him on the basis of his race and national origin.

Five days later, on September 26, 2006, Plaintiff moved for a preliminary injunction. In that motion, Plaintiff asked the Court for an injunction "immediately reinstating [Plaintiff] to his lawful work relationship with the defendant until the litigation of the case is completed as well as requiring the defendant to file all necessary immigration petitions necessary for the plaintiff to lawfully remain in the United States."

The Court agreed to hear, and Defendant agreed to argue, Plaintiff's motion on an expedited schedule. This expedited schedule was deemed appropriate partly due to Plaintiff's representation that his authorization to remain and work in the United States was

United States District Court
For the Northern District of California

1  due to expire on September 30, 2006. Accordingly, the Court held a hearing on September
2  29, 2006, to adjudicate Plaintiff's motion.[1]

3  After reviewing the materials and the arguments submitted by the parties, the Court
4  denied Plaintiff's request for a preliminary injunction. First, the Court expressed its
5  reservations about whether it even had authority to provide the relief that Plaintiff seeks — in
6  other words, the Court communicated its concern that, given the immigration regulations
7  applicable to Plaintiff as a foreign worker and the parties' dispute about whether the Plaintiff
8  currently has authorization to work in this country, the Court may lack authority to order
9  Plaintiff reinstated as an employee of Defendant. Second, the Court ruled that, regardless of
10 the scope of its authority to provide Plaintiff with the relief he seeks, a preliminary injunction
11 is inappropriate in this case because Plaintiff cannot demonstrate that he is likely to prevail
12 on the merits of his lawsuit.

13 Now pending before the Court is Plaintiff's "Motion for Relief from Order." The
14 Court construes this document as a motion for reconsideration. For the reasons set forth
15 below, the pending motion is DENIED.

16 Under the law of the Ninth Circuit, a preliminary injunction is appropriate if Plaintiff
17 demonstrates either "(1) a combination of probable success on the merits and the possibility
18 of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips
19 in [his] favor." A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir.2001).
20 "Each of these two formulations requires an examination of both the potential merits of the
21 asserted claims and the harm or hardships faced by the parties." Sammartano v. First Judicial
22 Dist. Court, 303 F.3d 959, 965 (9th Cir.2002). "These two alternatives represent extremes of
23 a single continuum, rather than two separate tests." Sun Microsystems, Inc. v. Microsoft
24 Corp., 188 F.3d 1115, 1119 (9th Cir.1999).

---

[1] Nothing in the Court's disposition of Plaintiff's request for a preliminary injunction, or in the Court's disposition of the pending motion for reconsideration, should be construed as precluding relief to the Plaintiff in the event that immigration authorities seek to remove him from the United States while this case is pending. The Court will entertain any motion that Plaintiff may wish to bring in relation to such future, hypothetical immigration proceedings at such time as such relief becomes necessary or appropriate.

2

1    Here, Plaintiff has not established that there are "serious questions" raised by his
2 complaint sufficient to outweigh any hardships that may tip in his favor, nor can he
3 demonstrate "probable success on the merits" sufficient to overcome the possibility of
4 irreparable harm.  Plaintiff alleges here, as he did at various stages of a previous proceeding
5 in front of the Equal Employment Opportunity Commission ("EEOC"), that Defendant
6 discriminated and retaliated against him in the following ways:

> (1) by providing less favorable terms of sponsorship to him than it provided to another employee, a man of East Indian descent named Thiru Palanisamy, with respect to the two employees' applications for permanent residence;
>
> (2) by refusing his request for a transfer to the company's San Jose facility and granting Mr. Palanisamy's identical request;
>
> (3) by refusing to allow him access to the company's laptop computers, e-mail, and computer network after Plaintiff took medical leave following his visit to the hospital on October 4, 2005, but providing access to other employees on medical leave;
>
> (4) by terminating his employment in response to Plaintiff's filing of a grievance with the EEOC (which was amended during the proceedings to include this same claim of retaliation).

While there remain a series of allegations and accusations raised by the Plaintiff about what did, or should have, transpired in the course of proceedings before the EEOC, none of those circumstances are germane to the motion currently pending before this Court.

To prevail on his discrimination claim, Plaintiff must demonstrate (1) that he belongs to a protected class, (2) that he performed his tasks according to his employer's legitimate expectations, (3) that he suffered an adverse employment action, and (4) that other similarly situated employees were treated more favorably.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Vasquez v. County of Los Angeles, 349 F.3d 634, 640 & n.5 (9th Cir. 2003).  Here, Plaintiff has failed, at least at this stage of the proceedings, to demonstrate that other similarly situated employees were treated more favorably than he was.

As to Plaintiff's first claim of discrimination — that the company provided less favorable sponsorship of his application for permanent residence — the record suggests that there was no disparate treatment at all.  To the contrary, it indicates that the company

1  supported his application for permanent residence in exactly the same fashion as it supported
2  Mr. Palanisamy's.

3  As to the second claim of discrimination (regarding transfer to the San Jose facility),
4  Plaintiff cannot establish disparate treatment of *similarly situated* employees. The record
5  indicates that Plaintiff's request and Mr. Palanisamy's were different both in their timing
6  (which was relevant insofar as there were different constraints on the company's resources at
7  the time of these separate requests) and in their nature (in that Plaintiff's expertise related
8  more to operations conducted at Defendant's Petaluma facility, while Mr. Palanisamy's
9  related more to operations conducted at the San Jose facility).

10  As to the third claim of discrimination (regarding the denial of access to company
11  computers and facilities), Plaintiff again cannot establish a *prima facie* case. While he
12  alleges that other employees retained access to company property while on medical leave, not
13  all employees on medical leave are similarly situated. Here, Plaintiff took medical leave
14  because of orders from his doctors related to concerns about work-induced stress. These
15  orders followed an incident on October 4, 2005, in which Plaintiff went directly from his
16  office to a hospital to seek treatment for stress-related complications. Under these
17  circumstances, Defendant could reasonably have decided to restrict defendant's access to
18  work-related materials, including company e-mail and the company's computer network,
19  during his medical leave. Defendant does not assert that the other employees who retained
20  access during their periods of medical leave suffered from the same complications (or, for
21  that matter, that they were of different ethnicity or national origin). For this reason, Plaintiff
22  cannot establish the disparate treatment of similarly situated employees regarding
23  Defendant's treatment of employees on medical leave.

24  In short, Plaintiff has not made a showing sufficient to justify injunctive relief on his
25  discrimination claims. While Plaintiff may ultimately prevail on these claims by making a
26  more convincing showing of disparate treatment, he has failed to make that necessary
27  showing at this stage of the proceedings. Furthermore, even if Plaintiff could show disparate
28  treatment, the record suggests that he would be unable to establish that Defendant's proffered

4

1 explanations for its actions are mere pretext for its discriminatory animus.  In sum, Plaintiff
2 has not set forth evidence to establish disparate treatment, much less to suggest that racial
3 antipathy was Defendant's actual motivation or that Defendant's proffered explanations for
4 its actions are unworthy of belief.  See Vasquez, 349 F.3d at 640-41.  Without a persuasive
5 showing on the merits of these issues, injunctive relief is not warranted.

6       To prevail on his retaliation claim, Plaintiff must establish (1) that he engaged in
7 protected activity, (2) that he suffered an adverse employment decision, and (3) that there
8 was a causal link between his activity and the employment decision.  See, e.g., Trent v.
9 Valley Elec. Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994).  It is well-established that the
10 filing of a grievance with the EEOC is protected activity under Title VII, and there is little
11 dispute that the firing of an employee generally constitutes an adverse employment action.
12 See, e.g., Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 850 (9th Cir. 2004).  Plaintiff's
13 motion for injunctive relief fails, however, because he has not demonstrated to this Court's
14 satisfaction that a causal connection exists between these two events.  This is not to say
15 definitively that no such connection exists or that it would be impossible for Plaintiff to
16 establish such a connection; however, on the current record, the Court cannot conclude that
17 Plaintiff is likely to prevail on the issue of causation.  Simply put, Plaintiff has presented no
18 direct evidence to link the EEOC grievance with his employer's decision to fire him.

19       Moreover, even if Plaintiff could establish a causal link based on the "proximity in
20 time between the protected action and the allegedly retaliatory discharge," Miller v. Fairchild
21 Indus., Inc., 797 F.2d 727, 731 (9th Cir. 1986), it is unlikely that he could establish that
22 Defendant's decision to eliminate his position was a pretext or a bad-faith decision made out
23 of a desire to retaliate against Plaintiff for his filing of a grievance with the EEOC.
24 Defendant asserts that is in dire financial straits, that it fired Plaintiff in connection with a
25 reduction of nearly ten percent of the company's workforce, and that it may need to layoff
26 additional employees due to the state of the company's coffers.  Moreover, there are other
27 indications in the record that Plaintiff's hostile conduct toward various personnel at the
28 company may have been among the causes of Plaintiff's termination.  At this point, Plaintiff

5

cannot establish to this Court's satisfaction that he will be able to overcome Defendant's legitimate explanations for his termination.  See, e.g., Manatt v. Bank of America, NA, 339 F.3d 792, 801 (9th Cir. 2003).

The Court's view is bolstered by the EEOC's disposition of Plaintiff's grievance.  It is true that the EEOC dismissed Plaintiff's case primarily because, in the EEOC's view, Plaintiff had failed to prosecute his case and had not cooperated with the EEOC's efforts to investigate his grievance.  In addition, however, the EEOC noted that it was "unable to conclude that the information obtained [in the course of its investigation] establishes violations of the statutes."  Furthermore, after subsequent requests by Plaintiff to reopen his case with the EEOC, the EEOC's San Francisco District Director wrote to Plaintiff, explaining that the Commission had found "insufficient evidence to establish a violation of the statutes the EEOC enforces."  The District Director's letter explicitly acknowledged information submitted by Plaintiff after it had closed his case, including his claims of retaliation, and remarked that "no appropriate or available evidence has been overlooked or misinterpreted in evaluating your charge."

The Court reiterates now, as it did at the previous hearing held on September 29, 2006, when it initially ruled on Plaintiff's motion for a preliminary injunction, that the denial of injunctive relief does not terminate the instant lawsuit.  Plaintiff may yet prevail on the merits of his discrimination and retaliation claims.  The Court's view, however, continues to be that Plaintiff has not made a showing sufficient to justify the extraordinary injunctive measure he currently seeks.  For this reason, the Plaintiff's pending "Motion for Relief from Order," *i.e.* his motion for reconsideration, is DENIED.  Plaintiff's pending motion for an expedited hearing is DISMISSED as moot.

**IT IS SO ORDERED.**

Dated: October 5, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE