United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIODUN M. SODIPO, | No. C 06-05794 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CAYMAS SYSTEMS, INC., | |
| Defendant. | |

This employment discrimination action stems from the allegedly unlawful termination of Plaintiff Abiodun Sodipo by Defendant Caymas Systems, Inc.  At an initial hearing in this case, the Court denied a preliminary injunction motion that would have restored Plaintiff to his former position at the company.  The Court subsequently denied several requests for reconsideration of this ruling.  The Court's denial of injunctive relief was affirmed by the Ninth Circuit, and recently the Supreme Court denied Plaintiff's petition for certiorari.

After the denial of Plaintiff's request for injunctive relief, Defendant indicated that it wished to file a motion for summary judgment.  To that end, the parties have engaged in several rounds of discovery, with all discovery disputes being handled by Magistrate Judge Larson.  As the date for filing the proposed summary judgment motion approached, however, defense counsel represented to the Court that Defendant was experiencing financial difficulties and indicated that the company would soon be winding up its affairs.  The Court

postponed the proceedings for approximately one month for defense counsel, who at that time had been out of touch with his client, to gather information about the solvency and status of Caymas Systems, Inc.

At a hearing on April 27, 2007, defense counsel presented papers to the Court, as requested, which show that all of Defendants' assets have been assigned to a new corporate entity, called Caymas LLC, which is currently managing those assets in order "to sell such Assets as a going concern or to sell such Assets in liquidation and thereafter [to] wind down Caymas." (Decl. of Gordon J. Fine in Support of Defendant Caymas' Appearance at Case Management Conference ¶¶ 2-4.) In other words, all of the assets belonging to Defendant have been handed over to another company, which intends either to sell those assets so that someone else can run the business, or to break apart the company and terminate its affairs. The papers submitted to the Court also include a "Notice of Assignment," which carries an attachment indicating that Caymas LLC is attempting to contact various creditors, such as former employees, that they may have claims to Defendant's assets. (See id. ¶ 3.)

Defense counsel further represented to the Court that Defendant is still an ongoing business concern, and that Plaintiff's lawsuit therefore will proceed. There has been some suggestion in the parties' briefing papers that the assignment of all of Defendant's assets and the possible "winding up" of Defendants' affairs may preclude the form of injunctive relief, *i.e.* reinstatement, that Plaintiff urgently seeks in this case. The Court, however, makes no judgment about this time about what form of relief may be available to Plaintiff if he ultimately prevails on his claim for discrimination. That is, the Court does not now preclude the possibility of reinstatement, should Plaintiff finally demonstrate that Plaintiff unlawfully discriminated and retaliated against him. Any consideration of the possible forms of relief to which Plaintiff may be entitled is premature at this stage of the proceedings. Here, Plaintiff established at the outset that he seeks "injunctive orders, damages, costs, and attorneys fees." (Compl. at 3.) In the Court's view, at least some of these forms of relief are likely to be available to Plaintiff, even if Defendant does wind up its affairs, and the Court therefore
//

2

agrees that the litigation ought to go forward. To that end, the Court has set a new date for a hearing on Defendant's summary judgment motion: August 24, 2007.

Plaintiff has submitted numerous objections to the way that the Court has elected to proceed in this matter. First, he considers the actions of defense counsel nothing more than a ruse to escape liability in this case and frustrate his attempts to obtain relief. For this reason, he has referred the matter to the FBI, as well as various other federal authorities, challenging Defendant's attempt to "evade compliance with any order that might be issued by the court granting reinstatement sought," as well as what he sees as the Court's complicity in such improper conduct. (Doc. No. 163 at 8.) Further, in an attempt to prevent Defendant's dissolution, he has submitted an "emergency request for [a] restraining order on defendant to prevent the dissolution of the company or the transfer of [its] assets in a manner that would undermine injunctive relief sought by [him]." Also, he has renewed his request for injunctive relief, asking the Court to reinstate him in his old job immediately. All of these concerns he has presented to the Supreme Court as well, which recently issued an order noting that he must first seek relief in inferior courts.

This Court hereby declines to exercise whatever authority it may have to interrupt the sale or dissolution of Defendant, and it again rejects Plaintiff's request for injunctive relief. When and if Plaintiff prevails on his claims of discrimination and retaliation, Plaintiff may of course pursue whatever remedies he is entitled to obtain, whether against Defendant (if it is still in business), or against Defendant's successors in interest, or against Caymas LLC, which is currently managing Defendant's assets. At the current time, however, the Court declines Plaintiff's invitation to interfere in ongoing business and legal proceedings outside the scope of this litigation in order to protect Plaintiff's as yet unestablished legal claim to those assets. The Court notes that Plaintiff is not currently without means to protect his interests, since he has the option of attempting to preserve his claim to Defendant's assets by filing a proof of his as-yet unperfected claim against Defendants with Caymas LLC. (See Decl. of Gordon J. Fine in Support of Defendant Caymas' Appearance at Case Management Conference, Ex. B.)

Further action by this Court, however, would be inappropriate. This Court is aware of no legal authority to support the extraordinary proposition that an aggrieved former employee may singlehandedly suspend a company's decision to wind up its affairs on the ground that such dissolution might preclude the former employee from returning to work at the company. To grant the relief Plaintiff seeks in this case would allow employees unilaterally to keep their failing companies from closing their doors simply by filing a lawsuit for discrimination. The law does not contemplate such a result.

The Court recognizes that the delay in these proceedings poses some hardship to Plaintiff, as does the fact that his former employer's impending dissolution *may* render some forms of relief unavailable to him. The Court is not unsympathetic to these concerns, but unless and until Plaintiff establishes his claim on the merits, which will happen only after a full and fair adjudication of Defendant's summary judgment motion, the various requests for relief proposed by Plaintiff are inappropriate and premature, and are therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 30, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE