IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIODUN M. SODIPO, | No. C 06-05794 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CAYMAS SYSTEMS, INC., | |
| Defendant. | |

    The Court has received Plaintiff's declaration regarding the alleged bias of this Court. <u>See</u> Doc. No. 175. In this declaration, Plaintiff asserts that the Court "erroneously" denied his motion to transfer this case to the Oakland division based on a mistaken belief that Plaintiff had filed his motion in the San Francisco division and so must litigate the case there.

    To the extent that the Court's previous order suggested that Plaintiff was responsible for the case's assignment to the San Francisco division because he filed the case in that particular location, the Court's previous order was indeed mistaken. Under this Court's local rules, however, "all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." Civ. L. R. 3-2(d). Thus, under this Court's rules, cases are assigned between the San Francisco and Oakland divisions as though these divisions are one and the same.

1    This Court has authority to transfer a case within a division if an assignment is either
2 improper under the local rules or if "the convenience of parties and witnesses and the
3 interests of justice will be served by transferring the action." Civ. L. R. 3-2(f).  Although it is
4 within the Court's discretion to make such transfers, the Court declined to exercise that
5 discretion to effect a transfer in this case.  At the time of Plaintiff's transfer request, which
6 was filed on November 22, 2006, this Court had already become familiar with the facts and
7 circumstances of the case.  Indeed, the Court had already ruled on Plaintiff's motion for a
8 preliminary injunction, which was heard at Plaintiff's request on an expedited schedule on
9 September 29, 2006, as well as Plaintiff's motion for reconsideration (on October 5, 2006)
10 and Plaintiff's motion to proceed *in forma pauperis* (on November 7, 2006).  Having become
11 familiar with the facts of the case and issued rulings that addressed the merits of the case,
12 albeit in the context of a preliminary injunction, this Court was disinclined to grant transfer
13 to a different division.

14    The Court's reluctance to transfer the case to a different judge is especially acute after
15 it has passed judgment on the merits of a dispute.  This reluctance is even stronger where, as
16 here, the request for transfer is accompanied by a motion to recuse the Court due to rulings
17 that were adverse to the party seeking the transfer.  The Court is aware of, and has taken
18 steps to accommodate, Plaintiff's hardship in this case.  While such measures have been
19 inadequate in Plaintiff's eyes, the Court has been and remains of the view that transfer to the
20 Oakland division is inappropriate under the circumstances.

21    The Court finds that Plaintiff's further allegations regarding the bias of the Court are
22 without merit.  The reasons for the Court's denial of preliminary relief--a decision affirmed
23 by the Ninth Circuit, and as to which the Supreme Court has declined review--have been set
24 forth in previous orders.  The Court has also previously addressed Plaintiff's accusations that
25 Defendant has made fraudulent misrepresentations to deprive Plaintiff of the relief to which
26 he thinks himself entitled.  Those issues will not be revisited here, except to note that
27 Defendant's representations in this case in no way compare to perjury committed by a
28 government witness in a criminal trial, the situation to which Plaintiff compares them.

2

1  Finally, to the extent that Plaintiff alleges this Court has refused to order injunctive relief "as
2  directed by the US Supreme Court," Plaintiff simply misreads the Supreme Court's order.
3  That letter merely notes that *Plaintiff* must *seek* relief in this Court before taking his request
4  for relief to higher courts.  It does not require this Court to *grant* such relief, which, for the
5  reasons set forth in the Court's previous order, the Court finds inappropriate at this stage of
6  the proceedings.  For the reasons set forth above, Plaintiff's renewed request for recusal of
7  this Court, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 2, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE